UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Danny Ray Pittman, #54454A | ) C/A No.  8:09-801-MBS-BHH |
| Plaintiff, | ) |
| vs. | ) |
| Micheal Doty, Badge D8203, York County Sheriff's Office, York, South Carolina, | ) Report and Recommendation |
| Defendant. | ) |

Danny Ray Pittman, (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is a detainee at the York County Detention Center, and files this action *in forma pauperis* under 28 U.S.C. § 1915.  The complaint should be dismissed for failure to state a claim upon which relief may be granted.

Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996).  This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

---

[1] Pursuant to the provisions of  28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if a court can reasonably read the pleadings to state a valid claim on which a plaintiff could prevail, it should do so. However, the requirement of liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

Plaintiff states that he was arrested for petit larceny on December 11, 2008. As a result of this arrest, Defendant Doty confiscated three hundred and eighty-eight dollars ($388.00) from Plaintiff's possession. Plaintiff claims a State Magistrate Judge, David S.

Wood, dismissed Plaintiff's charge on March 3, 2008[2], and further ordered that Plaintiff's money be returned. However, Plaintiff claims Defendant Doty has refused to return the money. Plaintiff also claims Defendant Doty charged a female with the same petit larceny charge in an effort to "tie up" Plaintiff's money until the female co-defendant's charges are resolved. Plaintiff asks the Court to "make" the York County Sheriff's office return his money.

### Discussion

Defendant Doty is named in the instant complaint for confiscating Plaintiff's property and refusing to return it. The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." However, the Due Process Clause is not implicated by a negligent act of a state official causing unintended loss of or injury to life, liberty, or property. *Daniels v. Williams*, 474 U.S. 327 (1986); *Pink v. Lester,* 52 F.3d 73, 75 (4th Cir. 1995). Thus, to the extent Plaintiff's claim may sound in negligence, he cannot bring such an action under § 1983. *See also DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 200-203 (1989) (section 1983 does not impose liability for violations of duties of care arising under state law).

Moreover, an *intentional* deprivation of property by a state employee, if unauthorized, does not violate the Due Process Clause if a meaningful post-deprivation remedy for loss is available. *Hudson v. Palmer*, 468 U.S. 517 (1984); *Bogart v. Chapell*, 396 F.3d 548, 560 (4th Cir. 2005). In South Carolina, prisoners may bring an action for recovery of personal property against officials who deprive them of property without state authorization. *See*

---

[2] It is likely that Plaintiff intended to write March 3, 2009, as the date his charge was dismissed.

*McIntyre v. Portee*, 784 F.2d 566, 567 (4th Cir. 1986) (citing S.C. Code Ann. § 15-69-10 *et seq.*). Such an action provides "a post-deprivation remedy sufficient to satisfy due process requirements." *Id.* (citing *Parratt v. Taylor*, 451 U.S. 527 (1981)). Plaintiff claims that Defendant Doty is intentionally withholding Plaintiff's money. Plaintiff also appears to allege that such a deprivation of property is unauthorized, since a State Magistrate Judge has ordered that Plaintiff's money be returned. As indicated above, South Carolina has a "post deprivation" remedy, which Plaintiff could pursue. Therefore, Plaintiff's deprivation of property claim is subject to summary dismissal.

In addition, it is noted that Plaintiff appears to seek mandamus type relief against a county governmental entity. District Courts are granted, under 28 U.S.C. § 1361, "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Thus, on its face, § 1361 extends federal mandamus jurisdiction only to federal officers or employees. *See United States v. Oncology Assocs.*, 198 F.3d 502, 510 (4th Cir. 1999). Should Petitioner look to 28 U.S.C. § 1651, the "all writs statute", as a source of mandamus authority, relief would still be unavailable, as mandamus relief is limited to cases where federal courts are acting in aid of their respective jurisdictions. *See* 28 U.S.C. § 1651; *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587-588 & nn. 2-4 (4th Cir. 1969). Since the Plaintiff seeks mandamus relief against a local governmental agency, the United States District Court for the District of South Carolina lacks jurisdiction under §§ 1361 and/or 1651 to grant such relief.

Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance of service of process. *See*

*Denton v. Hernandez*, 504 U.S. at 31;  *Neitzke v. Williams*, 490 U.S. at  324-25; *Todd v. Baskerville* 712 F.2d at 74.  Plaintiff's attention is directed to the important notice on the next page.

                                                      s/Bruce Howe Hendricks  
                                                      United States Magistrate Judge

April 15, 2009  
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).